Swing, J.
We think the assignment-©!- Quatkemeyer to Muller of one-half the judgment against the railroad company was a valid assignment and vested in Muller a good title to one-half of the same as against the railroad company, said company having been properly notified of the assignment. As between Furst and Volkert, to whom Muller had assigned his half, the evidence seems clear to us that the assignment to Volkert on May 22, 1893, was prior in. time to that to Furst on November 27, 1893, and that it passed to Volkert the interest of Muller in his fees in the case, and being prior in time is prior in right, there being no intervening equity; and Muller having assigned to Volkert his half of the judgment after its rendition and assignment to him by Quatkemeyer, the superior equitable title of Volkert was converted' into a valid legal assignment.
We are further of the opinion that an agreement was-entered into between Quatkemeyer, Muller and Goebel & Bet *180 tinger, whereby Quatkemeyer and the- other parties agreed that Goebel & Bettinger were to carry on the litigation which Muller under his contract was bound to do, and that Goebel & Bettinger offered to carry out the contract on their part, but that Quatkemeyer assigned the contract and employed other counsel, and thereby put it beyond the power of Goebel & Bettinger to act. Quatkemeyer’s conduct in violating his contract cannot, therefore, avail.him to defeat the right of Muller and his assignees to recover the half assigned. Neither can-Quatkemeyer’s attorney be entitled to receive, from the half assigned to -Muller, compensation for services in the prosecution of the suit. He must look to Quatkemeyer, whose attorney alone he was.
Jacob Bhroder, for Yolkert.
W. Austin Goodman, for Elizabeth Purst.
W. W. Symmes, for Quatkemeyer; and Robert Ramsey, for the P., 0., 0. & St. L. Ry. Co.
Decree for Volkert.